UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOSEPH BERDECIA-RODRIGUEZ**,<br><br>Debtor. | Case No. **16-60400-13** |

# MEMORANDUM OF DECISION

At Butte in said District this 30th day of September, 2016.

In this Chapter 13 case the Trustee and Debtor agreed on September 12, 2016, to submit the Trustee's Objection (Docket No. 16) to Debtor's claim of exemption in a "Wells Fargo Health Savings Account # 6138" on stipulated facts and briefs. Based on the parties' agreement this Court vacated a hearing scheduled to be held in this contested matter on September 15, 2016, and granted the parties time to file a stipulation of agreed facts and briefs. The "Stipulation of Facts" and parties' briefs have been filed and reviewed by the Court, together with applicable law. This matter is ready for decision.

The Chapter 13 Trustee objects to Debtor's claim of exemption in the Wells Fargo Health Savings Account #6138 (hereafter the "HSA") on the grounds that the Debtor's HSA funds are not "benefits" paid or earmarked for the sole purpose of paying medical, surgical, or hospital bills as required by MONTANA CODE ANNOTATED ("MCA") § 25-13-608(1)(f). The Trustee's Objection is overruled, based on Montana's liberal policy for construing its exemption statutes.

1

This Court has exclusive jurisdiction of this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a). Allowance or disallowance of exemptions from property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

The Stipulation of Facts (Doc. 43) provides the following agreed facts:

1. The Debtor filed his Chapter 13 bankruptcy petition on April 28, 2016 (Docket 1).

2. The Debtor completed official Form 106A/B detailing the property owned at the time that the Debtor filed his bankruptcy case (Docket 1).

3. The Debtor answered Question No. 17 on Form 106A/B by checking "Yes" indicating that he owned checking, savings, and other financial accounts. On Line 17.3, the Debtor listed "Other financial account" "WELLS FARGO HEALTH SAVINGS ACCOUNT ACCOUNT #6138." The Debtor stated that the balance of the account was $746.25.

4. The Debtor completed Form 106C and claimed the Wells Fargo Health Savings Account exempt in the amount of $746.25 pursuant to [MCA] § 25-13-608(1)(d) or (f).

5. The Trustee filed a timely Objection To Claim of Exemption at Docket 16.

6. The Debtor's withdrawal of funds from the Health Savings Account have been applied exclusively to qualified medical expenses and for no other purpose.

7. The parties stipulate and agree that the sole issue for consideration of the court is whether a health savings account is exempt under Montana Law and that the parties have no evidence to submit in addition to these stipulated facts.

8. The parties request that the court grant the Debtors an additional fourteen (14) days to submit supplemental authority and then deem the matter fully submitted.

## DISCUSSION

2

Pursuant to 11 U.S.C. § 522(b)(2)(A), Montana has opted out of the federal exemption scheme by means of MCA § 31-2-106.[1] *In re Wright*, 525 B.R. 464, 471 (Bankr. D. Mont. 2015). Thus, this Court looks to Montana state law to determine the allowance of the Debtors' exemption. *Id.* Under Montana law exemption statutes must be liberally construed in favor of debtors. Constitution of the State of Montana, Article XIII, section 5; *Wright*, 525 B.R. at 471; *In re Golz*, 2015 MT 318, ¶11, 381 Mont. 385, 360 P.3d 1142*; In re Zimmerman*, 2002 MT 90, ¶ 15, 19 Mont. B.R. 368, ¶ 15.

Debtor claims the HSA exempt under MCA § 25-13-608(1)(d) and (1)(f). Section 25-13-608(1)(d) provides that a judgment debtor is entitled to exemption of "disability or illness benefits . . . .[2]" The parties' arguments mention MCA 25-13-608(1)(d),[3] but the focus of their arguments is on MCA § 25-13-608(1)(f), which provides that a judgment debtor "is entitled to exemption from execution of the following . . . (f) benefits paid or payable for medical, surgical, or hospital care to the extent they are used or will be used to pay for the care." *In re Archer*, 2006 MT 82, ¶ 9, 136 P. 3d 563, 332 Mont. 1.

*Archer* is a decision of the Montana Supreme Court which answered a question certified from this Court, which asked whether a debtor may claim an exemption pursuant to MCA § 25-

---

[1] Section 31-2-106 provides in pertinent part: "Exempt Property – bankruptcy proceeding: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6."

[2] Excepted from the exemption of § 25-13-608(1)(d) are debts for which execution is levied for child support or maintenance of a spouse or former spouse. § 25-13-608(2).

[3] Because this Court concludes that the Debtor's HSA is exempt under § 25-13-608(1)(f), it does not decide whether the exemption of § 25-13-608(1)(d) also applies.

3

13-608(1)(f) in monthly proceeds from the sale under contract of shares of stock in a business, as exempt benefits, when such proceeds are used exclusively to pay for the debtor's end-of-life medical, surgical or hospital care and medications. *Archer*, 2006 MT 82, ¶ 1. The Montana Supreme Court answered the question "no." *Id.*

The Trustee cites *Archer* and a bankruptcy case from Idaho, *In re Stanger*, 385 B.R. 758 (Bankr. D. Idaho 2008) in support of his Objection. The Trustee argues that the Debtor's HSA in the instant case "does not represent a benefit paid" because the HSA funds are simply Debtor's gross wages placed into a HSA, and further argues that the HSA funds may be used for any purpose, subject to adverse tax consequences.

*Stanger* construed an Idaho statute, Idaho Code § 11–603(5) which provides an unlimited exemption for "benefits payable for medical, surgical, or hospital care." *In re Stanger*, 385 B.R. at 764. Montana's § 25-13-608(1)(f) is similar but not identical to the Idaho statute construed in *Stanger*, and the Montana Supreme Court did not follow the same analysis as the bankruptcy court in *Stanger*.

The court in *Stanger* referred to a prior case in which it consulted dictionaries for guidance in defining the term "benefit." 385 B.R. at 764 (citation omitted). The court concluded from the dictionary interpretation of "benefit" that the Idaho statute was most likely designed by the legislature to protect health insurance benefits payable to a debtor or benefits received under a government assistance program of some kind. *Id.* Because HSAs are not insurance policies or governmental assistance programs, the court in *Stanger* agreed with the trustee that HSAs fall into a gap in the legislation and could not be exempt under Idaho Code § 11-603(5). *In re Stanger*, 385 B.R. at 764-65.

4

"Benefits" is not defined in § 25-13-608(1). The Montana Supreme Court found "no assistance" in dictionary definitions of "benefits," so the court turned to reading "'benefits' in its statutory context." *Archer*, 2006 MT 82, ¶ 17. The court wrote:

> ¶ 18 Section 25–13–608, MCA, provides an extensive list of exemptions from execution, including prescribed health aids, Social Security benefits, veterans' benefits, individual retirement accounts, maintenance and child support, burial plots and certain types of statutory retirement system payments. The common denominator in all these exemptions is their specificity—all are unique types of support created for specific purposes. Read in context with the other provisions of § 25–13–608, MCA, we conclude that "benefits paid or payable for medical, surgical, or hospital care" indicates "benefits" means a unique type of support which, by its terms, is to be used solely for medical, surgical or hospital care. In this context, it strains credulity to assert that the Legislature intended this provision to exempt payments received on a promissory note merely because the debtor ultimately chooses to use the payments to pay for health-care-related costs.
>
> ¶ 19 We conclude that, in the context of § 25–13–608(1)(f), MCA, the term "benefits" includes only those payments to a debtor which are expressly earmarked for the sole purpose of paying medical, surgical or hospital bills. As a result, we hold that where, as here, there are no contractual restrictions on the debtor's use of the proceeds from a sale of shares of stock in a business, the debtor may not claim such proceeds as exempt "benefits" pursuant to 25–13–608(1)(f), MCA, even when the proceeds are actually used exclusively to pay for the debtor's end-of-life medical, surgical or hospital care and medications.

*Archer*, 2006 MT 82, ¶¶ 17-18.

The instant Debtor's HSA appears to be established under federal tax laws, 26 U.S.C. § 223.[4] The court in *Stanger* explained HSAs established under 26 U.S.C. § 223 as follows:

> Contributions to HSAs are made from wages prior to federal and FICA tax deductions, and in many cases, prior to state and local tax deductions as well. In addition, earnings on deposits, which are invested, accumulate tax free while in the HSA. Money withdrawn by the account holder to pay eligible medical expenses is also tax free. However, since these accounts are designed specifically

---

[4] Montana has established its own statutory "Montana Medical Savings Account" at MCA § 15-61-101, *et seq.*, which provides for payment of eligible medical expenses defined by federal law at 26 U.S.C. § 213(d). It is not part of the instant contested matter.

5

> for medical expenses, if funds are withdrawn from the account and not used for qualifying medical expenses, that money is subject to income taxes and a 10% penalty if the person is under age 65.

*In re Stanger*, 385 B.R. at 762.

In the instant case the Chapter 13 Trustee contends the Debtor's HSA funds may be used for any purpose, subject to tax consequences, and their use is not restricted to qualified medical expenses. That argument is contradicted by both the Montana statute and the federal HSA statute. The Trustee asserts that the Debtor's HSA does not represent "benefits paid." Section 25-13-608(1)(f) limits the exemption to "benefits paid *or payable* for medical, surgical, or hospital care to the extent they are used or will be used to pay for the care." (Emphasis added).

This Court agrees that, if the Debtor used the funds in Debtor's HSA for anything other than medical, surgical, or hospital care, then those funds would not be exempt under the plain language of § 25-13-608(1)(f). The Debtor does not argue otherwise. However, stipulated fact No. 6 set forth above establishes that the Debtor's withdrawal of funds from the HSA "have been applied exclusively to qualified medical expenses and for no other purpose." Based on the agreed facts, so long as the Debtor applies funds from the HSA to qualified medical expenses, Debtor's HSA is exempt under § 25-13-608(1)(f).

In addition to state statutory restrictions on the use of the funds, 26 U.S.C. § 223(d)(1) limits HSA to "the purpose of paying the qualified medical expenses of the account beneficiary." "Account beneficiary" is defined at § 223(d)(3) as "the individual on whose behalf the health savings account was established." The definition of "qualified medical expenses" at § 223(d)(2) limits the expenses to medical care for the account beneficiary, spouse and dependents, as defined at 26 U.S.C. § 213(d), to the extent such amounts are not compensated for by insurance.

The adverse tax consequences of amounts not used for qualified medical expenses are at 26 U.S.C. § 223(f).

The Montana Supreme Court in *Archer* concluded that "benefits" under § 25-13-608(1)(f) did not include payments received pursuant to a promissory note from a sale of stock in a business, because no contractual restrictions existed in the note on the debtor's use of the proceeds. *Archer*, 2006 MT 82, ¶¶ 17-18. In the instant case, by contrast, the use of the HSA funds is restricted specifically by statute, 26 U.S.C. § 223(d). Section 223(d) does not list "benefits" directly, but it does refer in subsections (1) and (2) to the term "beneficiary." If this Court, like the court in *Stanger*, refers to a dictionary it finds the term "benefits," which the Trustee argues the Debtor's HSA is not, in a common definition of "beneficiary": "The person named (as in an insurance or annuity policy) as the one who is to receive proceeds or benefits accruing." *Webster's Third New International Dictionary* (1961).

The Montana Supreme Court's decision in *Archer* was not unanimous. Four Justices joined in the opinion. Justice James C. Nelson filed a blunt dissent. In this Court's view, given the lack of contractual restrictions on the debtor's use of sale proceeds in *Archer* compared with the detailed statutory restrictions on the use of HSA funds under 26 U.S.C. § 223(d) and other federal statutes in the instant case, under Montana's liberal construction of exemption statutes the Trustee's Objection to Debtor's claim of exemption in the HSA account must be overruled to the extent Debtor uses the HSA account to pay for medical, surgical, or hospital care under § 25-13-608(1)(f).

**IT IS ORDERED** a separate Order shall be entered overruling the Chapter 13 Trustee's Objection to Debtor's claim of exemption in a HSA, without prejudice to the Trustee's right to

seek recovery from the Debtor in the event the Debtor uses the HSA to pay for anything other than medical, surgical, or hospital care under MCA § 25-13-608(1)(f).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge